**7793**

Court of Appeal - Parish of Orleans.

- - - - - - - - -

Thomas Wingrave

vs.

Gilbert D. Von Puhl

- - - - - - - - -

- - - - - - - - -

By Dinkelspiel, J.

**7793**

By Dinkelspiel, J.

Plaintiff sues defendant, alleging employment under
a letter received by him from defendant, which was
dated February 16, 1918, and which reads as follows:
"Mr. T. R. Wingrave,
238 South Prieur St.,
City.
"On receipt of this letter, kindly call at our office,
we have received a cable from Porto Rico which author-
izes us to employ you. It is necessary to secure pas-
sage and it will be advisable for you to arrange to
have the papers prepared Monday, and to leave here in
time to sail from New York next Saturday, today a week.
Yours respectfully,
(Signed)   G. D. Von Puhl."
Plaintiff further alleges that he called upon de-
fendant, made all necessary arrangements for employment,
and that defendant contracted to engage petitioner for
a period of five months, to journey to Porto Rico to
take off a sugar crop for the firm of Aboy & Hernandez,
and for which defendant was their agent at the time of
said employment; further that defendant engaged to pay
plaintiff $200.00 per month and guaranteed plaintiff
for five months contract to begin on leaving the port
of New York; that he sailed from New York on February
23, 1918, for Porto Rico; when arriving in Porto Rico,
he was assigned as an engineer to St. Sebastian Planta-
tion of Aboy & Hernandez; that the employment continued
for three months, when he was informed that his ser-
vices would be no longer necessary. He further alleges
that after being discharged; the firm heretofore men-
tioned paid him for four months services and authorized

464

him to return home and there arrange, if possible,with defendant Von Puhl for the fifth and last month, for the ther $200.00; that a demand on Von Puhl was without nil; wherefore, this suit.

defendant filed exception that the petition disclosed no cause or right of action, and under those exceptions judgment was rendered by the court a quo in favor of the defendant; hence this appeal.

It is elementary that third parties disclosing agency can not be held without a written agreement ~~otherwise~~ as ~~principals or~~ sureties, ~~~~ in an action of this character. C. C. Art. 3013 provides: "Communication of authority to third person. A mandatary who has communicated his authority to a person with whom he contracts in that capacity, is not answerable to the latter for anything done beyond/ it, unless he has entered into a personal guarantee." Levy vs. Lane, 38 Ann. 252; Stehn vs. Fasnecht Bros. 28 Ann. 84; Rosenthal vs. Meyers, 25 Ann. 403.

The judge a quo in deciding this case uses the following language: "Defendant in making the contract sued on with plaintiff, acted for and as the agent of Aboy & Hernandez, to the full knowledge of plaintiff. Plaintiff may have a cause of action against Aboy & Hernandez, principals. He has none against defendant, who acted solely as agent."

We are satisfied that the reasons above given, together with the authorities heretofore cited by us, dispose of this case properly.

It is therefore ordered, adjudged and decreed that the judgment of the court a quo be affirmed at plaintiff's costs.

Judgment affirmed.